**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV211-02-MU**

| | |
|---|---|
| **HARRY L. BUTLER,** )<br>   **Petitioner,** )<br>      )<br>      v.       )<br>      )<br>**ROY COOPER, Attorney General for** )<br>  **The State of North Carolina,** )<br>     **Respondent.** )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court upon Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed April 30, 2010 (Doc. No. 1). No response is necessary from the Attorney General. For the reasons stated herein, Petitioner's Petition will be denied and dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent documents submitted by Petitioner reflect that on February 5, 2008, the State of North Carolina indicted Petitioner on a charge of felonious common law robbery. At that time, Petitioner also was charged as an Habitual Felon in violation of State law. Subsequently, Petitioner entered into a plea agreement with the State wherein he agreed to plead guilty to the robbery charge in exchange for the State's promise to dismiss the Habitual Felon charge. On November 21, 2008, the Superior Court

of Mecklenburg County conducted a Rule 11 proceeding during which it placed Petitioner under oath and engaged him in an extensive colloquy in order to ensure that his guilty plea was being freely and voluntarily tendered. In response to the Court's questions, the Transcript of Plea form reflects Petitioner's representations, <u>inter alia</u>, that his attorney had explained the charges to him and he understood said charge and the elements which had to be proven for a conviction; and that he and counsel had discussed possible defenses to the charges. (Doc. No. 3-7 at 7). Furthermore, Petitioner told the Court that he was changing his plea to guilty because he, in fact, was guilty of the robbery charge; and that other than his plea arrangement with the State, no one had promised him anything, threatened him in any way, or otherwise caused him to enter his plea against his wishes. (Doc. Nos. 3-4 at 2 and 3-7 at 7). Last, Petitioner told the Court that he was satisfied with his attorney's services. (Doc. No. 3-7 at 7). Accordingly, the Court accepted Petitioner's guilty plea and the State dismissed the Habitual Felon indictment. (Doc. No. 3-4 at 3).

Next, the Court calculated Petitioner's sentence and imposed a term of 29 to 35 months imprisonment. (Doc. No. 1 at 2).

Petitioner's counsel filed a direct appeal of his case to the North Carolina Court of Appeals pursuant to <u>Anders v.</u>

California, 386 U.S. 738 (1967). Counsel's brief argued that although he could not discern any issues for appeal, the State Court of Appeals should determine whether the trial Court committed error by failing either to obtain a stipulation from Petitioner to the factual basis for his guilty plea and conviction, or to find on the record that such a factual basis existed.

Petitioner also filed a de facto brief arguing that trial counsel had induced him to plead guilty by giving him otherwise unspecified "misleading information"; that trial counsel had failed to stipulate to the accuracy of his prior record level; that trial counsel had failed to provide him with accurate discovery materials, and to file a request for discovery with the Court of Appeals; that trial counsel had failed to demand a probable cause hearing; that Petitioner was not given a reasonable amount of time in which to review his discovery materials prior to his plea hearing; that the Court of Appeals should order the State to provide him with discovery materials; and that he was falsely accused and vindictively prosecuted in that his conduct only amounted to misdemeanor larceny yet he was charged with felonious common law robbery. Id. at 5.

However, the Court of Appeals determined that because Petitioner pled guilty and his sentence was within the presumptive range for the subject offense and his criminal history, North

3

Carolina law established that Petitioner was not entitled to review on any of the claims which he and counsel were seeking to raise. Butler, No. 09-551, slip op. at 6-7. Accordingly, the State Court of Appeals rejected Petitioner's appeal. Id. at 7. Thereafter, the State Supreme Court also denied Petitioner's petition for discretionary review. North Carolina v. Butler, 363 N.C. 746 (Dec. 10, 2009).

Petitioner then returned to the Superior Court of Mecklenburg County with a Motion for Appropriate Relief ("MAR," hereafter), filed January 2010. Petitioner reports that his MAR argued that he was subjected to a violation of his due process rights by virtue of a vindictive and false prosecution for felonious common law robbery when his conduct amounted to no more than misdemeanor larceny; that his attorney somehow rendered ineffective assistance; and that the habitual felon indictment was "fictitious." However, on January 22, 2010, Petitioner's MAR was dismissed on the ground that issues identical those raised in that MAR already were rejected by the State Court of Appeals. (Doc. No. 3-9 at 2).

Undaunted, Petitioner has now come to this Court on the instant § 2254 Petition. Such Petition argues that Petitioner's State and federal constitutional rights, and his rights to due process and equal protection were violated by virtue of the

4

nature and circumstances of his Habitual Felon indictment; that the common law robbery charge constituted a false accusation and vindictive prosecution; and that the trial court subjected him to sentencing error. In addition, though he neither directly nor artfully raises a claim of ineffective assistance of counsel, Petitioner does assert that his counsel mishandled certain pre-trial matters on his behalf.

## II. ANALYSIS

### 1. Standard of Review

A prisoner in custody under a state court judgment may attack his conviction and sentence on the grounds that it is in violation of the Constitution and/or the laws or treaties of the United States. 28 U.S.C. § 2254. However,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

Moreover, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. §2254, a federal court may not grant a

> writ of habeas corpus with respect to a claim
> adjudicated on the merits in state court
> proceedings unless the state court's adjudi-
> cation: (1) "resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of
> the United States" . . . ; or (2) "resulted
> in a decision that was based on an unreason-
> able determination of the facts in light of
> the evidence presented in the State court
> proceeding. . . ."

Id. (internal citations omitted).

The Supreme Court has explained that a state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). And, a state court's decision involves an unreasonable application of federal law when the state court "correctly identifies the governing legal rule [from the Supreme Court's cases] but applies it unreasonably to the facts of a particular ... case," id. at 407-08, or "applies a precedent in a context different from the one in which the precedent was decided and one to which extension of the legal principle of the precedent is not reasonable [or] fails to apply the principle of a precedent in a context where such failure is unreasonable,"

6

Robinson v. Polk, 438 F.3d 350, 355 (4th Cir. 2006) (internal quotation marks and citation omitted). "The state court's application of clearly established federal law must be 'objectively unreasonable,' for a 'federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established Federal law erroneously or incorrectly.'" Jackson v. Johnson, 523 F.3d 273, 277 (4th Cir. 2008) (quoting Williams, 529 U.S. at 409). "The phrase 'clearly established federal law' refers 'to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" Id. (quoting Williams, 529 U.S. at 412).

This standard of review is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). With these principles firmly in mind, the Court, having reviewed this Petition, its attachments, and the relevant legal precedent, concludes that such Petition must be summarily dismissed for the reasons stated herein.

**2. Habitual Felon indictment**

By his first through fourth claims, Petitioner argues that the Habitual Felon indictment was fictitious and not supported by

7

sufficient evidence; that no judge signed off on the indictment and it did not have the State's seal on it; that he was "coerced into accepting a plea bargain as an habitual felon"; and that "the plea is invalid." (Doc. No. 1 at 6 and Doc. No. 3 at 1-5). Petitioner, therefore, contends that the foregoing inadequacies constituted a violation of his State and federal constitutional rights. Id.

However, the record clearly reflects that Petitioner's Habitual Felon indictment was dismissed pursuant to the terms of his plea agreement with the State. As such, Petitioner did not plead guilty to the habitual felon allegation, he was not convicted of that charge, and he was not sentenced as an habitual felon. On this basis, it is inconceivable that the State Court's rejection of this claim was contrary to clearly established federal law. Accordingly, these claims are rejected.

### 3. **Vindictive Prosecution/False Accusation**

By his next claim, Petitioner argues that he was falsely and vindictively prosecuted in that he was charged with felonious common law robbery but his conduct amounted to no more than misdemeanor larceny. Petitioner contends that the Court should order a DNA test on the box cutter which he was found in possession of because the results of that test somehow "will prove that [he has] been set up by the County Police Department,"

8

he is not guilty, and the State official and witness falsified the record." (Doc. No. 1-2 at 1-2).

Critically, however, to the extent that Petitioner is contending that a DNA test will reveal that he actually is innocent of the robbery offense for which he was convicted, such a claim is not even cognizable. See Herrera v. Collins, 506 U.S. 390 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

Furthermore, the record clearly establishes that Petitioner, while under oath, told the Court that he and counsel had discussed the charge, its elements and possible defenses to it; that he was, in fact, guilty of the offense; and that no one had made him plead guilty against his wishes. (Doc. Nos. 3-7 at 7 and 3-4 at 2). As such, Petitioner's claim is governed by the well settled principles that a valid guilty plea constitutes the admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Moreover, once a trial court conducts a Rule 11 colloquy and finds the guilty plea to be knowingly and voluntarily tendered, as was done here, absent compelling reasons to the contrary, the

9

validity of the plea and the defendant's corresponding guilt are deemed to be conclusively established. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). To be sure, a defendant's plea and statements at the Rule 11 proceeding "constitute a formidable barrier" to their subsequent attack. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); see also United States v. Lemaster, 403 F.3d 216, 221-23 (affirming summary dismissal of a § 2255 motion alleging claims inconsistent with statements made during Rule 11 hearing).

As reflected in the above discussion, Petitioner's challenge to his robbery conviction is baseless so he cannot show that the State court's decision is contrary to clearly established federal law. Therefore, this claim of false and vindictive prosecution is rejected.

**4. Sentencing error**

Petitioner next claims that even if his conviction is valid, "there is a problem in the way [he] was sentenced and therefore the sentence is invalid." (Doc. No. 1-2 at 5). More specifically, Petitioner argues that "there were numerous charge[s] being used to enhance [his] prior record points"; that the State was allowed to use "evidence of conviction[s] more than ten years old"; that the trial court "allowed the State to present evidence that was obtained in violation of the defendant['s] constitu-

10

tional rights"; and that the judge "admitted evidence that should not have been admitted. For Example, in criminal cases, the defendant's previous arrests and conviction record normally cannot be presented at the trial." (Doc. No. 1-2 at 3, 5-6).

However, Petitioner did not raise this claim on direct appeal; nor does it appear that he raised the claim in his MAR. Therefore, these allegations are procedurally barred due to his default of them, and they cannot provide Petitioner a basis for habeas relief in any event. 28 U.S.C. § 2254(b) (noting that claims which are procedurally defaulted are subject to dismissal).

Furthermore, to the extent that Petitioner's allegations are alleging errors of State law, such claims cannot support federal relief because there is no habeas relief for violations of state law unless the error rises to the level of a violation of federal law. Thomas v. Taylor, 170 F.3d 466 (4th Cir. 1999). Thus, a state procedural error, including a failure to follow a state sentencing procedure, does not qualify for relief unless there was "a fundamental defect which inherently results in a complete miscarriage of justice, or there are exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Short v. Garrison, 678 F.2d 364, 369 (4th Cir. 1982).

In addition, even if not procedurally barred, Petitioner's allegations of sentencing error still are either factually baseless and/or too vague to afford him any relief. That is, Petitioner claims that the Court admitted evidence during his "trial" which was prejudicial. However, the record establishes that there was no trial; Petitioner pled guilty to the robbery charge. Equally critically, Petitioner does not identify what prejudicial evidence the Court erroneously admitted. Thus, these allegations are feckless.

Petitioner further claims that "numerous charges" were used to enhance his prior record points, and that the State was allowed to use convictions which he sustained more than ten years earlier to calculate his sentence. However, the exhibits which Petitioner, himself, submitted to the Court clearly show that he committed the instant common law robbery on January 15, 2008; that he was convicted and sentenced for said offense on November 21, 2008; and that convictions which were used to calculate his prior record points were sustained by him in October 2001, December 2002, and September 2004. (Doc. Nos. 3-7 at 1, 3 and 5). Therefore, those prior convictions were not stale for purposes of calculating Petitioner's prior record points.

Petitioner also complains that the trial court allowed the State to present evidence that was obtained in violation of his

12

constitutional rights. Again, however, Petitioner does not identify the evidence which he believes the Court should have excluded. Further, in light of the fact that Petitioner pled guilty and stipulated that the "facts support[ed his] plea," the Court has no idea to what evidence Petitioner is referring. In any case, to the extent that Petitioner is complaining about the Court's admission of the certified copies of the Judgments evidencing his prior convictions for sentencing, his claim is legally baseless because federal law does not prohibit the admission of such information for sentencing purposes. <u>Witte v. United States</u>, 515 U.S. 389, 409 (1995)(noting that "when a sentencing judge reviews an offender's prior convictions at sentencing, the judge is not punishing that offender a second time for his past misconduct, but rather is evaluating the nature of his individual responsibility for past acts and the likelihood that he will engage in future misconduct.").

Therefore, as the foregoing discussion shows, Petitioner's otherwise defaulted allegations of sentencing error are both factually and legally baseless. Therefore, the State court's decision was not contrary to clearly established federal law, and these allegations must be denied.

    5. **<u>Ineffective assistance of counsel</u>**.

Last, Petitioner suggests that he was subjected to ineffec-

tive assistance of counsel. That is, Petitioner claims that although his attorney knew that he had not committed a robbery, counsel still "refused to attempt to try the case," thereby forcing Petitioner to plead guilty.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689; <u>see also</u> <u>Fields v. Attorney Gen. of Md.</u>, 956 F.2d 1290, 1297-99 (4th Cir.), <u>cert. denied</u>, 474 U.S. 865 (1985); <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1065 (1984); <u>and</u> <u>Marzullo v. Maryland</u>, 561 F.2d 540 (4th Cir. 1977), <u>cert. denied</u>, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields</u>, 956 F.2d at 1297, <u>citing</u> <u>Hutchins</u>, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1290, <u>citing</u> <u>Strickland</u>, 466 U.S. at 697.

14

Further, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under. . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

More critically, because Petitioner has alleged ineffective assistance of counsel following the entry of his guilty plea, he has a different burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit described a petitioner's burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59-60; and Fields, 956 F.2d at 1297. However,

15

if a petitioner fails to meet his burden of demonstrating prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

Thus, "the central inquiry" is whether, but for counsel's alleged errors, this Petitioner would have insisted on a trial. Slavek v. Kinkle, 359 F.Supp. 2d 473, 491 (E.D. Va. 2005) (summarily rejecting claims of ineffectiveness on prejudice prong based on petitioner's failure and inability to argue that but for alleged errors, he would have insisted on going to trial). Courts have stated that this inquiry is an "objective one based on whether going to trial might reasonably have resulted in a different outcome." Martin v. United States, 395 F.Supp. 2d 326, 329 (D. S.C. 2005). See also Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (finding that in light of overwhelming evidence of guilt and lack of available defenses, petitioner could not establish prejudice under the modified "reasonable probability" standard); and Burket v. Angelone, 208 F.3d 172, 190-91 (4th Cir. 2000) (same).

Turning back to the instant Petition, the Court first finds that to the extent Petitioner is complaining that counsel was ineffective in the way that he handled certain pre-trial matters, such allegation is far too vague to warrant habeas relief. See,

16

e.g., <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that unsupported, conclusory allegations do not entitle a habeas petitioner to relief). Petitioner has failed to allege a single fact concerning his discussion(s) with counsel concerning his decision to enter a guilty plea; therefore, he has failed to allege a claim in this regard. Thus, Petitioner is not even entitled to proceed with this allegation.

Second, it has not escaped the Court's attention that Petitioner has failed to demonstrate that but for counsel's alleged error, he would have insisted upon a trial. Thus, his claim against counsel also is subject to dismissal on that basis.

Third, without belaboring the point, the Court again notes that during Petitioner's Rule 11 proceeding, he swore to the Court that he was satisfied with his counsel's services. Because the matters about which Petitioner now complains would have preceded the entry of his guilty plea, Petitioner's belated suggesttions of ineffectiveness simply cannot carry the day for him. <u>Blackledge</u>, 431 U.S. at 74-75.

Fourth, even if Petitioner had raised an otherwise sufficeent allegation about his counsel's handling of the pre-trial phase of his case, such claim still would be subject to summary dismissal by virtue of his guilty plea. Indeed, the law is clear that a voluntary and intelligent guilty plea forecloses federal

17

collateral review of allegations of antecedent constitutional deprivations. Tailed v. Henderson, 411 U.S. 258, 266-67 (1973). As the Court already has determined that the plea was properly entered, Petitioner's claim of pre-trial ineffectiveness is waived.

In sum, Petitioner has failed to establish that counsel performed deficiently, or even that this claim is cognizable. Therefore, such claim also is rejected.

### III. CONCLUSION

The Court has carefully reviewed each of Petitioner's claims and determined that they all are foreclosed, either by the record, the relevant legal precedent or both. Accordingly, Petitioner's Petition must be summarily denied and dismissed.

### IV. ORDER

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 is **DENIED and DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court declines to issue a certificate of appealability as Petitioner will not be able to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (holding that

in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473 (2000)).

**SO ORDERED.**

Signed: May 13, 2010

Graham C. Mullen
United States District Judge